IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| APTIVE ENVIRONMENTAL, LLC § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. 5:16-cv-01870 |
| vs. § | |
| § | |
| CITY OF MACEDONIA, OHIO § | |
| § | |
| Defendant. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND DAMAGES**

### I.  NATURE OF THE CASE

1. The City of Macedonia has (through an ordinance) banned all door-to-door solicitation within city limits. Under well settled Supreme Court and Sixth Circuit case law, this ordinance is manifestly unconstitutional. Accordingly, Aptive asks the Court to invalidate this ordinance, enter injunctive relief restraining its enforcement, and award Aptive the hundreds of thousands of dollars in damages it has sustained as a result of this unconstitutional restraint on its free speech rights and the free speech rights of the citizens of Macedonia that want and need its services.

### II.  JURISDICTION

2. Plaintiff brings this action to redress deprivations by Defendant of certain rights secured to Plaintiff and the citizens of Macedonia by the First and Fourteenth Amendments of the United States Constitution. This Court therefore has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983.

### III. VENUE

3. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in the Northern District of Ohio, Eastern Division.

### IV. DECLARATORY RELIEF

4. This Court has authority to enter the declaratory relief sought by plaintiff pursuant to 28 U.S.C. § 2201 and by Federal Rule of Civil Procedure 57.

5. Plaintiff is entitled to recover its reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1983.

### V. PARTIES

6. Plaintiff Aptive Environmental, LLC ("Aptive") is a limited liability company organized under the laws of the State of Utah. Plaintiff has engaged in and intends to engage in activities regulated by Macedonia Business Regulation Code § 761.02 (the "Ordinance"). A copy of the Ordinance is attached as Exhibit A.

7. Defendant City of Macedonia is a municipal corporation organized under the laws of Ohio. It may be served by delivering a copy of the summons and of this complaint to its chief executive officer.

### VI. FACTUAL BACKGROUND

8. Aptive is a large, well-established pest control company with offices throughout the country. Aptive's market includes cities throughout Northern Ohio, including the City of Macedonia. Aptive's sales are made almost exclusively through door-to-door solicitation. Accordingly, ordinances that impose solicitation bans have a direct and substantial impact on Aptive's business.

9. Aptive acquires a substantial majority of its new customers during its March to September sales season.

10. On September 25, 2008, Macedonia adopted the Ordinance, amending Chapter 761 of the Macedonia Business Regulation Code. The Ordinance features an outright ban on all door-to-door solicitation within the City. Exhibit A ("No person shall peddle or solicit within the Municipality.")

11. The Macedonia Business Regulation Code defines "peddling" as "any person who travels door to door . . . and calls upon business places, or private residences . . . taking or attempting to take orders for profit for the sale of . . . services to be furnished or performed immediately or in the future." Exhibit B, Macedonia Business Regulation Code § 761.01.

12. On May 16, 2016, Aptive contacted the City of Macedonia to inquire about selling its services through door-to-door solicitation. The City informed Aptive that the Ordinance prohibited all solicitation within the City. On or around May 25, 2016, representatives of the Macedonia Police Department informed Aptive salespersons that door-to-door solicitation was illegal in Macedonia and that the Ordinance would be enforced.

13. Aptive's counsel responded by informing the City that its Ordinance was unconstitutional and requested that the City repeal the Ordinance and/or suspend its enforcement. The City, however, has refused to do so, necessitating this lawsuit. Moreover, the City has not even attempted to offer or identify any legitimate state interests it intended to advance through the ban imposed by the Ordinance nor explained why these (yet undisclosed) interests cannot be advanced by far less intrusive remedies – like forbidding solicitation of only those residents who choose to put "No Soliciting" signs on their doors. *See, e.g., Watchtower Bible & Tract Soc'y of New York, Inc. v. Vill. of Stratton*, 536 U.S. 150, 168 (2002) (observing that an ordinance with

"provides for the posting of 'No Solicitation' signs . . . coupled with the resident's unquestioned right to refuse to engage in conversation with unwelcome visitors, provides ample protection for the unwilling listener."); *Ohio Citizen Action v. City of Englewood,* 671 F.3d 564, 570 (6th Cir. 2012) ("[T]here are far less intrusive ways to preserve residential privacy than by [ordinances] restricting all manner of speech. . . Englewood's ordinance allows residents to avoid being inconvenienced by door-to-door canvassers at dinnertime by simply posting a "No Soliciting" sign on their property").

14.  Aptive has suffered—and continues to suffer—significant damages as a result of this unconstitutional Ordinance. First, Aptive has lost the ability to exercise its valuable commercial speech rights.  Second, the Ordinance has caused and will continue to cause significant harm to Aptive.  Because Aptive's sales are made almost exclusively by door-to-door solicitation, the Ordinance directly and substantially impacts Aptive's revenue.  In fact, Aptive has lost and continues to lose thousands of dollars in profit each day it is prohibited from soliciting in Macedonia, amounting to hundreds of thousands of dollars of lost profits.

15.  Just as significant, however, is the effect of the Ordinance on Aptive's relationship with is customers.  Aptive's unique business model is predicated upon establishing a personal and trusting relationship with its customers, getting to know their homes and their individual needs so as to customize and tailor the service it provides. Aptive's and its founder's many years in the industry have underscored that other forms of less personal marketing— including phone solicitation, email campaigns, and web advertisements—are simply not an effective means for establishing or maintaining this necessary personal relationship with its customers. By restricting its ability to solicit its customers in person, the Ordinance directly

interferes with Aptive's ability to effectively and efficiently serve its current and future customers.

16. Finally, the Ordinance substantially restricts the free speech rights of the many residents of Macedonia who do not object to door-to-door solicitation and want or need Aptive's services. By banning the solicitation of such residents, the City is violating the First Amendment rights of these residents to receive speech. *See, e.g., City of Watseka v. Illinois Public Action Counsel*, 796 F.2d 1547 (7th Cir. 1986), (observing that door-to-door solicitation restrictions improperly "derogate the First Amendment rights of [the company] and those of [the City's] residents who would be willing recipients of [the company's] message . . . to the nuisance concerns of those residents who would not be willing listeners")

## VII. CAUSE OF ACTION: UNCONSTITUTIONAL SOLICITATION BAN

17. Plaintiff restates and re-alleges ¶¶ 1-16 and incorporates the same by reference.

18. On its face and as applied, the Ordinance violates the First and Fourteenth Amendment to the United States Constitution. *See, e.g., Vill. Of Shaumburg v. Citizens for a Better Env't*, 444 U.S. 620 (1980) (invalidating municipal ordinance that prohibited door-to-door solicitation); *Ohio Citizen Action,* 671 F.3d at 572 (invalidating a 6pm solicitation curfew); *Project 80's Inc. v. City of Pocatello*, 942 F. 2d 635 (9th Cir. 1991) (invalidating a ban on solicitation); *City of Watseka v. Illinois Public Action Counsel*, 796 F.2d 1547 (7th Cir. 1986) (invalidating a 5pm solicitation curfew); *New Jersey Citizen Action v. Edison Township*, 797 F.2d 1250 (3d Cir. 1986) (invalidating a 5pm, 6pm, and sunset solicitation curfew); *Wisconsin Action Coalition v. City of Kenosha*, 767 F.2d 1248 (7th Cir. 1985) (invalidating an 8pm curfew); *Association of Community Organizations for Reform v. City of Frontenac*, 714 F.2d 813 (8th Cir. 1983) (invalidating a 6pm curfew).

## VIII. REQUEST FOR PRELIMINARY INJUNCTION

19. <u>Irreparable Injury</u>. The harm, loss, and injury resulting from enforcement of the Ordinance is great, immediate, and irreparable because Plaintiff and others similarly situated will be deprived of rights protected by the First and Fourteenth Amendments of the United States Constitution. Infringements upon free speech are *per se* irreparable injuries. *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionable constitutes irreparable injury.").

20. <u>Inadequate Remedy at Law</u>. No remedy at law suffices to redress Plaintiff's grievances. A money judgment will not compensate Plaintiff for its loss of constitutionally protected rights of free speech.

21. <u>Substantial Likelihood of Success</u>. The likelihood of Plaintiff ultimately succeeding on the merits is great, given well-settled Supreme Court and Sixth Circuit law that out-right prohibitions on solicitation are manifestly unconstitutional. *See Vill. Of Shaumburg*, 444 U.S. at 620; *Ohio Citizen Action,* 671 F.3d at 572.

22. <u>Plaintiff's Interest Balanced Against the Interest of the Defendant and the Public</u>.

*First*, the Defendant will suffer no harm if this Court issues injunctive relief. No legitimate governmental purpose is served by the Ordinance. Moreover, other less intrusive, constitutionally-sound remedies are available to the City of Macedonia to advance the Ordinance's ostensible purposes – like forbidding solicitation of only those residents who choose to put "No Soliciting" signs on their doors. *See, e.g., Watchtower Bible* 536 U.S. at 168; *Ohio Citizen Action*, 671 F.3d at 572. On the other hand, if enforcement of the Ordinance continues, the result will be an irreparable and immeasurable harm and chilling of the exercise of the right of free speech, and will result in ongoing and compounding financial loss to Aptive.

***Second***, the most important public interest involved in this matter is the constitutional right to free speech. The public has a strong interest in protecting the pathways of information and in curbing encroachment of free speech rights. The Supreme Court has held that the First Amendment services

> "'[s]ignificant societal interests' wholly apart from the speaker's interest in self-expression. By protecting those who wish to enter the marketplace of ideas from government attack, the First Amendment protects the public's interest in receiving information. The identity of the speaker is not decisive in determining whether speech is protected. Corporations and other associations, like individuals, contribute to the 'discussion, debate, and the dissemination of information and ideas' that the First Amendment seeks to foster."

*Pacific Gas & Elec. V. P.U.C. of California*, 475 U.S. 1, 8 (1986) (internal citations omitted). The public interest, therefore, lies in protecting the marketplace of ideas by issuance of injunctive relief.

23. Given the irreparable harm cause by the Ordinance on Aptive's speech, and the fact that requiring a bond or other security to exercise free speech rights would amount to a prior restraint, this Court should require no additional security pursuant to Federal Rule of Civil Procedure 65(c). *See, e.g.*, *Northshor Experience, Inc. v. City of Duluth*, 442 F. Supp. 2d 713, 723 (D. Minn. 2006) (allowing court to wave security requirement at its discretion, in part because requiring security could prevent judicial review of statutes' constitutionality and prevent vindications of important First Amendment Rights). To the extent ordered by the Court, however, Plaintiff is willing to post a bond in the amount the Court deems appropriate.

24. Plaintiff asks the Court to set its application for preliminary injunction for hearing at the earliest possible time and, after hearing the request, to issue a preliminary injunction against the Defendant.

## IX.     REQUEST FOR PERMANENT INJUNCTION

25.     Plaintiff asks the Court to set its application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against the Defendant.

## X.     DAMAGES

26.     As a direct and proximate result of Defendant's passage and enforcement of the Ordinance, Plaintiff has suffered: (a) lost earnings, (b) lost profits and other consequential damages, and (c) loss of Plaintiff's First Amendment freedoms.

## XI.     PRAYER

27.     WHEREFORE, Plaintiff respectfully requests that the Court issue:

   a.   A preliminary injunction enjoining the enforcement of the Ordinance by Defendant, its agents, and its employees against Plaintiff and others similarly situated;

   b.   A permanent injunction enjoining the enforcement of the Ordinance by Defendant, its agents, and its employees against Plaintiff and others similarly situated;

   c.   A declaration that the Ordinance violates the First and Fourteenth Amendments of the United States Constitution on its face;

   d.   A declaration that the Ordinance violates the First and Fourteenth Amendments of the United States Constitution as applied to Plaintiff;

   e.   A declaration that Defendant has violated Plaintiff's constitutional rights, and that Plaintiff has suffered damages as a result;

   f.   A judgment awarding Plaintiff its damages caused by Defendant's unconstitutional actions;

   g.   An order requiring Defendant to pay all costs, interest, and attorneys' fees as may be incurred with this civil action pursuant to 42 U.S.C. § 1988; and

   h.   An order providing such other and further relief as the Court deems just and proper and for the purpose of redressing Plaintiff's grievances.

Dated: July 25, 2016

Respectfully submitted,

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLC

*/s/ Andrew S. Haring* (Local Counsel)
Andrew S. Haring (0087213)
Neil Bhagat (0086835)
1375 East 9th Street, Suite 1700
Cleveland, OH  44114
Phone:  216.615.7344
Direct Fax:  216.615.3012
Email:  aharing@bdblaw.com
    nbhagat@bdblaw.com

-and-

Jeremy A. Fielding (*pro hac* to be filed)
Texas State Bar No. 24040895
Ben A. Barnes (*pro hac* to be filed)
Texas State Bar No. 24092085
**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
214-981-3800 - Telephone
214-981-3839 – Facsimile
Email:  bbarnes@lynnllp.com
    jfielding@lynnllp.com

**ATTORNEYS FOR PLAINTIFF**
**APTIVE ENVIRONMENTAL, LLC**

CL2:449452_v1